UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL W. WILLIAMS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KERI GARLAND,<br><br>　　　　　　　　Defendant. | No. C15-5637 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: November 20, 2015** |

Plaintiff Michael W. Williams, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Mr. Williams alleges that Keri Garland, Public Disclosure Specialist for Washington Department of Corrections, violated his due process rights under the Fourteenth Amendment when she violated DOC policy and Washington's Public Records Act ("PRA"). *Id*. After review of the complaint under 28 U.S.C. § 1915(e), the Court declined to serve the complaint but provided Mr. Williams leave to file an amended pleading by October 21, 2015. Dkt. 6. Mr. Williams filed an amended complaint on October 16, 2015. Dkt. 11. Because the amended complaint suffers from the same deficiencies, the undersigned recommends that the complaint be dismissed without prejudice and that the dismissal count as a strike under 28 U.S.C. § 1915(g).

//

//

//

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Mr. Williams contends that his PRA request for disclosure of DOC records was assigned to Keri Garland. After he received no response, he filed a PRA action in Thurston County Superior Court (Case No. 14-2-01321-1). According to Mr. Williams, the Superior Court Judge found Ms. Garland's action as "probably grossly negligent," that she had violated the PRA and DOC policy by not complying with the disclosure request, and granted Mr. Williams all fees and costs he had incurred in the PRA action on May 22, 2015. Dkt. 5, at 7. Mr. Williams contends that Ms. Garland's violation of the PRA and DOC policy "recklessly violated [his] right to receive information which is not inconsistent with his status as a prisoner." *Id.*, at 10. He seeks declaratory judgment and punitive damages in the amount of $240,000.00. He reiterates these claims in his amended complaint. Dkt. 11.

Mr. Williams' claim is subject to dismissal. Mr. Williams filed this action under 42 U.S.C. § 1983. A § 1983 claim requires a showing (1) that plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991).

Mr. Williams contends that the language of the PRA constitutes a state-created liberty interest and that violation of the PRA is a violation of his Fourteenth Amendment due process rights. He also contends that by "dragging out the disclosure and production" of the requested

REPORT AND RECOMMENDATION - 2

information, Ms. Garland violated his due process rights and delayed his ability to bring various federal and state claims.

The Due Process clause of the Fourteenth Amendment provides that no person shall be deprived of life, liberty or property without due process of law.  In analyzing a procedural due process claim, a court must first determine whether the claimant has been deprived of an interest protected by the constitution; if so, the court must determine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Kentucky v. Dep't of Corrections v. Thompson*, 490 U.S. 454 (1989).

There is no constitutional right to public disclosure of government documents. *See Houchins v. KQED, Inc*., 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control.").  Mr. Williams has cited no independent constitutional right to inspect public records nor is the court aware of any such constitutional right.  The ability to obtain and inspect public records of state and local agencies in the state of Washington is a matter of Washington law. *See* RCW 42.56.070(1).  The PRA requires state and local agencies to produce all public records upon request unless a specific PRA exemption or other statutory exemption applies, exemptions are narrowly construed to promote the strong public policy favoring disclosure, and the party seeking to prevent production has the burden of proving that the requested documents fall within the scope of an exemption. RCW 42.56.070(1); *Gendler v. Batiste*, 174 Wash.2d 244, 251, 274 P.3d 346 (2012); *Franklin County Sheriff's Office v. Parmelee*, 175 Wash.2d 476, 479, 285 P.3d 67 (2012), *cert. denied*, ––– U.S. ––––, 133 S.Ct. 2037, 185 L.Ed.2d 899 (2013); *Dragonslayer, Inc. v. Wash. State Gambling Comm'n*, 139 Wash.App. 433, 441, 161 P.3d 428 (2007).  Any person who prevails against an agency in an

REPORT AND RECOMMENDATION - 3

action in the courts seeking the right to inspect or copy any public record … shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. RCW 42.17.340(4).

As noted above, Mr. Williams alleges that he filed and prevailed in his PRA lawsuit in state court. As Mr. Williams has failed to allege any cognizable federal claim, this action should be dismissed.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Mr. Williams' complaint and amended complaint be dismissed for failure to state a claim upon which relief may be granted and that the **dismissal count as a strike under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 20, 2015,** as noted in the caption.

**DATED** this 2nd day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4